ESCANABA AND LAKE SUPERIOR RAILROAD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22081. Promulgated October 22, 1931.

*Perry J. Stearns, Esq.*, and *C. C. Russell, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

414 

416

OPINION.

McMahon: The second assignment of error was not referred to at the hearing and not dealt with in the briefs of counsel. Sufficient evidence was not presented from which it can be determined that respondent was in error as alleged in petitioner's second assignment of error.

The only question, then, to be determined in this proceeding is whether items which accrued in 1923, some of which were reported as income in the 1923 income-tax return, are deductible in 1924, the method of accounting having been prior to January 1, 1924, on a cash receipts and disbursements basis.

Petitioner changed its method of accounting upon its own volition on January 1, 1924, from a cash receipts and disbursements basis, used in 1923 and prior thereto, to an accrual basis. The transaction giving rise to the items involved occurred in 1923. It is contended by petitioner that these items could not be accrued prior to January

1, 1924, because petitioner's method of accounting was on a cash basis. This contention offers no sound reason for the deduction of these items in 1924.

The law provides that in computing net income of a corporation subject to tax there shall be allowed, among other deductions specified, all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

Section 212 (b) of the Revenue Act of 1924 provides that the net income of a corporation shall be computed in accordance with the method of accounting employed in keeping the books of the corporation, providing the method used clearly reflects the income of the taxpayer.

Journal entries Nos. 312 and 313 represent items in substantial amounts which were treated as income by petitioner in 1923 and prior thereto, when in fact such items represented moneys collected by agents of petitioner covering prepaid interline forwarded freight immediately due foreign lines, but not paid until the following year. The amounts credited in one year as income were deducted the following year as expense. It is stated in *Chatham & Phenix National Bank*, 1 B. T. A. 460, as follows:

\* \* \* Nor do we think the method of bookkeeping employed in accounting for discount could make income if it did not fall within the definition of income. The mere placing of amounts on the books and reporting them as income can not change the facts any more than the placing of losses on the books constitute them proper deductions if they are not such in fact. The facts must control, and bookkeeping entries are only evidence of the facts.

Clearly such items are not ordinary and necessary business expense and therefore are not deductible as such.

We can not authorize the erroneous computing of income in the taxable year because of erroneous accounting in a previous year. See *Cleveland Woolen Mills*, 8 B. T. A. 49; *Corn Exchange Bank*, 6 B. T. A. 158; and *Krieg Tanning Co.*, 4 B. T. A. 1081.

Petitioner contends that because these funds were reported in 1923 as income and income taxes were paid thereon, therefore the deduction should be allowed.

In *Chatham & Phenix National Bank*, *supra*, wherein the taxpayer changed its method of accounting, it was held that all amounts which constituted income within the year under the method of accounting employed must be returned for taxation in that year even though a part thereof was improperly reported as income and the tax paid thereon in a prior year. The fact that petitioner paid taxes on an item erroneously reported as income in a prior year does not make that item an allowable deduction.

In *Bank of Hartsville*, 1 B. T. A. 920, recognizing the effects of a change in method of accounting, it is said:

* * * The difficulty arises through the change from the cash to the accrual basis, for there is a gap or hiatus between the two methods arising from the change where items of income or deductions are left out. * * *

Yet it holds that where a bank changes its methods of accounting from a cash to an accrual basis, all of its accounts which are accruable must be placed on that basis and it must return as income on the new basis discount earned during the year on bills discounted in the preceding year even though it had erroneously returned such amounts as income and paid the tax thereon in such preceding year.

There is no provision made in law for the allowance in 1924 of items of expense accruing in 1923. See *John E. Frymier*, 5 B. T. A. 758.

Whether the change in method of accounting results in payment of a greater or less amount of tax is not a controlling factor in deciding the question involved. In *MacMillan Co.*, 4 B. T. A. 251, it is stated:

* * * The fact that a taxpayer has paid lower taxes for prior years than those which were rightfully due, because of erroneous computations of taxable income, and that the statute of limitations now bars the assessment and collection of any deficiency for those years, does not justify an erroneous computation of its tax liability for any subsequent year. Appeal of *Goodell-Pratt Co.*, 3 B. T. A. 30. Income and profits taxes are levied with respect to annual periods, and each annual period must necessarily stand by itself. *Appeal of Atkins Lumber Co.*, 1 B. T. A. 317.

The petitioner contends in its brief that if it could go back to 1923 and eliminate the payments shown as income in that year and thus reduce its income for that year, there would be no objection to the disallowance in 1924 of the deduction, but that this presumably would involve the correction of returns back to the first return filed; and as this is impossible it is equitably entitled to the deduction.

In the case of *Chatham & Phenix National Bank, supra*, the petitioner refused to accede to the adjustment of its returns prior to 1918 to properly reflect income due to change by petitioner in method of accounting. The Commissioner refused to allow change of accounting. The petitioner, in its returns on an accrual basis, included accrued income, but not income collected which accrued in the preceding year. Although no adjustment could be made, it is stated:

* * * Whenever the bar of the statute of limitations does not prevent such action, the prior returns should be adjusted so as to show the correct income. The statute appears to have barred any adjustments herein in prior returns, but the situation is a practical one and we think the taxpayer must be permitted to place its books upon a basis which clearly reflects its income. * * *

It being shown that the net income reported to the Interstate Commerce Commission was arrived at on a different basis than that shown in the income-tax report, it is immaterial that the net income reported to the Interstate Commerce Commission exceeded the net income reported in the income-tax return.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

ARUNDELL, VAN FOSSAN, MURDOCK, and GOODRICH concur in the result only.